### Rogers, Bacon & Co. v. Mrs. Thomas Hart.

1. EVIDENCE—*Tending to Show a Willingness to Comply with the Terms of a Contract.*—Evidence of facts tending to show a willingness to comply with the terms of a contract, is admissible.

Assumpsit, for a breach of a contract. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge presiding.

Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

HERRICK & HERRICK, attorneys for appellant.

EDWARD J. SWEENEY, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit brought in the Circuit Court of DeWitt County by the appellant, Rogers, Bacon & Co., a corporation, against the appellee, Mrs. Thomas Hart, to recover damages for her failure to deliver 2,500 bushels of corn which it claimed she had sold and was to deliver to it.

The appellee pleaded the non-joinder of one John Warner as a proper defendant, *nul tiel corporation* and *non-assumpsit*, upon which issue was joined. The case was tried by jury, and resulted in a verdict in favor of the appellee.

The appellant moved for a new trial, which the court denied, and entered judgment on the verdict, to which the appellant excepted.

The appellant brings the case to this court by appeal, and to effect a reversal of the judgment argues that the court admitted improper evidence, gave improper instructions, improperly modified one of appellant's instructions, and refused proper instructions; and that the verdict and judgment are contrary to the evidence and the law applicable thereto.

There was no dispute but that the appellant is a corporation engaged in buying and shipping corn at Wapella and Clinton, Illinois.

The appellee is a tenant of one John Warner, and had a lot of ear corn (estimated to be 2,000 to 2,500 bushels) which she had grown upon the farm that she rented of Mr. Warner. On December 12, 1900, she agreed with appellant's agent at Clinton to deliver the corn to appellant at Wapella, shelled, for thirty-two cents per bushel. Wapella is three-fourths of a mile nearer to the farm than Clinton,

and the road from the farm to Wapella is better than the road from the farm to Clinton.

The appellee, from December 20, 1900, to January 22, 1901, frequently tried to get the appellant to receive the corn at Wapella, but its agent there declined to receive it for the reason that during all that time he could not get sufficient cars to ship the corn which the appellant had purchased from others prior to that which he purchased of the appellee, and it was the usual practice for shippers to receive the corn at Wapella from their patrons in the order of time that it was purchased. On January 29, 1901, the appellant made demand upon the appellee for the corn, as it could get cars to ship it in then, but she declined to deliver it unless the appellant would pay her thirty-four cents per bushel for it, that being the price corn was then bringing at Wapella. The appellant would not agree to pay her thirty-four cents per bushel, and she sold the corn to another buyer for that price. The corn when shelled and weighed was found to be 2,222 bushels, and three-fifths of it belonged to appellee and two-fifths of it to Mr. Warner. The above facts are not disputed; but the appellee testified that when she talked with the agent of the appellant at Clinton on December 12, 1900, about selling the corn she informed him that it belonged three-fifths to her and two-fifths to Mr. Warner, and that before she could close the sale she would have to see Mr. Warner and he would have to join her in selling it, and that she did see Mr. Warner and he was willing to sell also, and so informed appellant's agent; and that when the corn was sold she expressly told appellant's agent that the corn was so exposed on the farm that she would deliver it not later than January 1, 1901, which the agent consented to. Appellant's agent denies that any particular time was set for delivering the corn, or that appellee informed him that Mr. Warner owned any part of the corn. The appellee was corroborated to some extent in the disputed facts by other witnesses. Over the general objection of counsel for the appellant the appellee was permitted to show by one Peters, that she engaged him to shell the corn between December 25th and January 1, 1901.

The appellant requested the court to give twenty instruc-
tions; the appellee requested four, and the court gave
twelve of appellant's, three of appellee's, modified one of
appellant's and then gave it as modified, and refused seven of
appellant's and one of appellee's.

We are of opinion that the court did not commit any
prejudicial error against the appellant by permitting the
appellee to prove, over the general objection of appellant,
by the witness Peters, that she had engaged him to shell
the corn between December 25, 1900, and January 1, 1901,
for it was a proper circumstance tending to show her will-
ingness to get the corn ready to deliver at that time, as it
had to be shelled before delivering, under the contract of
sale.

A careful reading of all the evidence, the instructions
given, refused and modified, and a full consideration of all,
we are convinced that the verdict and judgment are fully
warranted by the evidence and that the court fully and
fairly gave the jury the law applicable to the evidence and
the issues tried, in the instructions which were given; and
that one modified and those refused were properly so modi-
fied and refused.

Finding no prejudicial errors intervened against the
appellant in the proceedings of the trial court leading up
to the verdict and judgment, and that they do justice to the
parties on the whole record, we will affirm the judgment.